LAWRENCE v. STEPHENSON.

S. F. LAWRENCE, LEON HARPER AND JAMES S. COLLINS, TRUSTEES, AND J. C. COLLINS, CLERK, OFFICERS OF THE TRUE CONGREGATION OF ANGIER PRIMITIVE BAPTIST CHURCH, AND THE S. L. LAWRENCE GROUP AND OTHERS UNITED IN INTEREST CONSTITUTING THE TRUE CONGREGATION OF ANGIER PRIMITIVE BAPTIST CHURCH v. T. H. STEPHENSON AND M. E. FISH, PURPORTED TRUSTEES, M. E. FISH, PURPORTED CLERK, AND L. B. CLAYTON AND M. E. FISH, PURPORTED DEACONS OF THE ANGIER PRIMITIVE BAPTIST CHURCH, AND THE JOEL T. LEWIS FACTION PURPORTING TO BE THE CONGREGATION OF ANGIER PRIMITIVE BAPTIST CHURCH.

(Filed 10 July 1968.)

**1. Religious Societies and Corporations § 3—**

The legal or temporal tribunals of the State have no jurisdiction over purely ecclesiastical questions and controversies, for there is a constitutional guarantee of freedom of religious profession and worship as well as an equally firmly established separation of church and state, but the courts do have jurisdiction as to civil, contract and property rights which arise from a church controversy.

**2. Religious Societies and Corporations § 2—**

The true congregation of a church consists of those members who adhere to the characteristic doctrines, usages, customs and practices of that particular church, recognized and accepted by both factions before the dissension between them arose.

**3. Religious Societies and Corporations § 3—    Instruction in church controversy case which weighed too heavily against one faction warrants new trial.**

In an action between two factions of a congregation to determine the ownership of church property, there was no error in an instruction that the plaintiff faction must satisfy the jury by the greater weight of the evidence that the plaintiffs had remained faithful to and did not radically depart from church doctrines and practices which had theretofore been recognized and adhered to by both factions, although it would have been preferable to use the phrase "radically and fundamentally depart"; but an instruction that if plaintiffs satisfied the jury that the defendant faction had departed from the doctrines and practices of the church the issues must be answered in favor of the plaintiffs *is held* erroneous in not requiring a finding that the departure must be of a radical and fundamental nature.

APPEAL from *Godwin, S.J.,* 5 February 1968 Civil Session in the General Court of Justice, HARNETT Superior Court Division, from a judgment in favor of the plaintiffs, the defendants appeal.

This is a civil action to determine the true congregation of the Angier Primitive Baptist Church and to adjudicate the ownership of the church property. It was stipulated and agreed that the plaintiff should be known and designated as the "Lawrence Faction of the Angier Primitive Baptist Church" and the defendants as the "Lewis Faction of the Angier Primitive Baptist Church." Angier Primitive

Baptist Church was organized in 1912, and on 3 July 1965 and prior thereto it was an independent church with a congregational form of government. The church owned three parcels of land in Black River Township, Harnett County, North Carolina, a bank account and various articles of personal property.

The plaintiffs seek to be declared the true congregation of Angier Primitive Baptist Church, and as such awarded the full ownership, possession, and use of all the properties of the Church and assert that they have been expelled from membership in the church and denied use of the church property by the wrongful acts and conduct of the defendants.

The defendants deny any wrongful conduct on their part and aver that, as a majority of the membership of the church and in keeping with the customs and doctrines of Angier Primitive Baptist Church, they properly expelled the plaintiffs therefrom, and that they should be declared the true congregation of the church and entitled to the property thereof.

The jury answered the issues submitted in favor of plaintiffs, and from judgment entered thereon, defendants appealed.

*Boyce, Lake and Burns by Eugene Boyce, Attorneys for plaintiff appellees.*

*W. A. Johnson, Attorney for defendant appellants.*

CAMPBELL, J.   It is well recognized that the legal or temporal tribunals of this State have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies, for there is a constitutional guarantee of freedom of religious profession and worship, as well as an equally firmly established separation of church and State. The courts do have jurisdiction as to civil, contract and property rights which are involved in, or arise from, a church controversy. It has been tersely expressed when said that religious societies have double aspects, the one spiritual with which legal courts have no concern, and the other temporal which is subject to judicial control.

The Angier Primitive Baptist Church is an autonomous congregational type church as opposed to a connectional form of church government. *c.f. Paul v. Piner,* 271 N.C. 123, 155 S.E. 2d 526.

The true congregation of the Angier Primitive Baptist Church consists of those members of its congregation who adhere to the characteristic doctrines, usages, customs and practices of that particular church, recognized and accepted by both factions before the dissension between them arose.

As stated in *Reid v. Johnston*, 241 N.C. 201, 85 S.E. 2d 114, the question presented is: Have the defendants, and those united with them, as against a faithful minority, diverted the property of the Angier Primitive Baptist Church to the support of usages, customs, doctrines and practices *radically* and *fundamentally* opposed to the characteristic usages, customs, doctrines and practices recognized and accepted by both factions of the congregation of this particular church before the dissension between them arose? The words "radically" and "fundamentally" used in the question presented require something more than a slight or minor deviation. They imply and require a substantial deviation from previous practices.

In the trial the defendants tendered issues which included the words "radically" and "fundamentally". The trial court, however, did not adopt the issues presented and tendered by the defendants but instead submitted the following issues:

"1.  Did the plaintiffs (the Lawrence faction) prior to and on July 3, 1965 remain faithful to the doctrines and practices of the Angier Primitive Baptist Church recognized and accepted by plaintiffs and defendants (Lewis faction) prior thereto?

2.  Did the defendants (Lewis faction) during or about June and July 1965 depart from the fundamental and characteristic doctrines, practices, usages and customs of the Primitive Baptist denomination in general and the Angier Primitive Baptist Church in particular as theretofore recognized by plaintiffs and defendants?"

In the charge to the jury, the trial judge with reference to the first issue charged the jury:

"The burden of proof on this issue is on the plaintiff *(sic)* and I charge you that if the plaintiffs have fulfilled the responsibility cast upon them by the law and have satisfied you from the evidence and by its greater weight that prior to and on July 3, 1965 they remained faithful to and did not radically depart from the doctrines and practices of the Angier Primitive Baptist Church which doctrines and practices had theretofore been recognized and adhered to by both factions, the Lawrence and the Lewis Factions, you will answer the first issue 'yes.' "

While this charge used only the words "radically depart" and did not include the word "fundamentally" which would have been preferable, we think it complied sufficiently with the law and placed a proper burden upon the plaintiffs.

The second issue presented required the defendants to conform with the Primitive Baptist Denomination in general as well as the Angier Primitive Baptist Church in particular. This placed an undue burden upon the defendants. In the charge to the jury, when discussing this issue, the trial judge stated:

> "The burden of proof on this second issue is likewise upon the plaintiffs, and I charge you that if the plaintiffs have satisfied you from the evidence and by its greater weight that during or about June or July 1965 the defendants, by their actions and deeds, departed from the fundamental and characteristic doctrines, practices, usages and customs of the Primitive Baptist Denomination in general and the Angier Primitive Baptist Church in particular, as theretofore recognized by plaintiffs and defendants, and in accord with the legal meaning of those terms and words as I have previously defined them for you, you will answer the second issue in favor (of) the plaintiffs or, 'yes.' "

The vice in this portion of the charge was that it did not require a finding that the defendants had *radically* and *fundamentally* departed from the practices and customs of the Angier Primitive Baptist Church theretofore recognized by both plaintiffs and defendants before the dissension arose. In other words, the trial court applied a different yardstick to the plaintiffs from that applied to the defendants. We cannot say that this was not prejudicial to the defendants, and, therefore, a case which was otherwise well tried must be tried again.

New trial.

BRITT and MORRIS, JJ., concur.